## (February 16, 1961)

■ LAWRENCE WEINSTEIN, Respondent, v. FRANCIS F. LEHRER, Appellant, et al., Defendants. TOP MANAGEMENT CORP., Respondent.

APPEAL from an order of the Supreme Court at Special Term, entered November 17, 1960, in Bronx County, which denied a motion by defendant Francis F. Lehrer for an order to vacate a default foreclosure judgment, and from an order of said court, entered December 15, 1960, which granted a motion for reargument and, on such reargument, adhered to the original determination.

*Per Curiam.* Defendant appeals from an order of Special Term entered November 17, 1960, which denied her motion to vacate a default foreclosure judgment, and from an order entered December 15, 1960, which granted her motion for reargument and on such reargument adhered to the prior determination.

In both of its rulings Special Term characterized the default as deliberate.

The record discloses sufficient to warrant an inquiry into the relationship of Lebenbaum to the various parties, and whether he played a dual role as attorney for both plaintiff and defendant. A determination of this question is essential to a resolution of the issue of the deliberateness of the default.

Should it be ascertained that Lebenbaum essayed a dual role, and should it be found that the defendant is entitled to open the default and interpose a defense, then she might have a meritorious defense for the form of the loan is not an absolute preclusion to further inquiry. ('Cf. *Shapiro* v. *Weissman*, 7 A D 2d 752.)

Accordingly, the orders appealed from should be modified on the law, the facts and in the exercise of discretion to the extent of remanding the case to Special Term for a hearing on the issue of the deliberateness of the default (*Field* v. *Field*, 1 A D 2d 643), provided that defendant-appellant file a bond prior to such hearing and within 20 days after service of the order herein with notice of the entry thereof, in the sum of $2,500 to secure plaintiff and the purchaser, in the event the defendant does not succeed in opening the default, from any damage or loss sustained as a result of the continued use and occupation of the property by defendant-appellant.

If Special Term grants the relief sought, opening of the default should be conditioned upon payment of interest, taxes and other accrued expenses which defendant-appellant is obligated to pay for the property.

It is our view that at the hearing before Special Term the testimony of Lebenbaum should be required.

Settle order.

Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ., concur.

Order, entered on November 17, 1960, denying defendant-appellant's motion to vacate a default· foreclosure judgment, and order entered on December 15, 1960, granting defendant-appellant's motion for reargument, and, upon such reargument, adhering to the prior determination, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of remanding the case to Special Term for a hearing on the issue of the deliberateness of the default (*Field* v. *Field*, 1 A D 2d 643), provided that defendant-appellant file a bond prior to such hearing and within 20 days after service of the order herein with notice of the entry thereof, in the sum of $2,500 to secure plaintiff and the purchaser, in the event the defendant does not succeed in opening the default, from any damage or loss sustained as a result of the continued use and occupation of the property by defendant-appellant. If Special Term grants the relief sought, opening of the default should be conditioned upon payment of interest, taxes and other accrued expenses which defendant-appellant is obligated to pay for the property. Settle order on notice.